UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

04 10573

SHAW'S SUPERMARKETS, INC. )
   Plaintiff, )
)
) CIVIL ACTION NO.
V. )
)
SOUTHERN BELLE FROZEN FOODS, ) MAGISTRATE JUDGE Alexander
INC. AND SHAW'S SOUTHERN BELLE )
FROZEN FOODS, INC. )
   Defendants. )
)

RECEIPT # ___
AMOUNT $ 150
SUMMONS ISSUED YES
LOCAL RULE 4.1
WAIVER FORM
MCF ISSUED
BY DPTY. CLK. T.O.M
DATE 3/23/04

## COMPLAINT AND DEMAND FOR TRIAL BY JURY

Plaintiff Shaw's Supermarkets, Inc. ("Shaw's"), brings this complaint against Defendants Southern Belle Frozen Foods, Inc. and Shaw's Southern Belle Frozen Foods, Inc. (together "Southern Belle") for trademark infringement, unfair competition and dilution:

### NATURE AND BASIS OF THE ACTION

1.    Shaw's brings this action for trademark infringement, dilution, and unfair competition pursuant to the Lanham Act, 15 U.S.C. §§1051 et seq., M.G.L. c. 110B § 12 and the common law of the Commonwealth of Massachusetts, for the defendant's use of the names SHAW'S PREMIUM SEAFOOD, MAMA SHAW'S, MAMA SHAW'S PREMIUM SEAFOOD & DESIGN and the related use of the name SHAW'S in connection with the marketing and sale of its food products and in its business generally. Southern Belle's use of these names and marks infringes on the well known, federally registered marks owned by Shaw's. Shaw's seeks preliminary and permanent injunctive relief, and damages, for the harm that Southern Belle has

caused to Shaw's by infringing and diluting Shaw's federally registered SHAW'S® family of marks, thereby unfairly competing with Shaw's own food products.

## THE PARTIES

2.  Plaintiff Shaw's is a Massachusetts corporation having an office and principal place of business at 750 West Center Street, West Bridgewater, Massachusetts. Shaw's owns and operates numerous supermarkets and also sells its own brands of quality food and related goods.

3.  Defendant Southern Belle Frozen Foods, Inc. is a Florida corporation with offices at 821 Virginia Street, Jacksonville, Florida which advertises and distributes food products throughout the United States and within this judicial district.

4.  Defendant Shaw's Southern Belle Frozen Foods, Inc. is a Florida corporation with offices at 821 Virginia Street, Jacksonville, Florida which advertises and distributes food products throughout the United States and within this judicial district. On information and belief, the two defendants are closely affiliated companies with common address, ownership, officers and common business operations.

## JURISDICTION AND VENUE

5.  This Court has subject matter jurisdiction over the federal trademark infringement, unfair competition and dilution claims pursuant to the Lanham Act, 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338 (a) and (b). The Court also has subject matter jurisdiction under 28 U.S.C. § 1332 due to the complete diversity of the parties, and the fact that the amount in controversy exceeds $75,000 before interest and costs. Finally, the Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

6.  This Court has personal jurisdiction over defendants because they have purposefully availed themselves of the privilege of doing business within the Commonwealth of Massachusetts by advertising and distributing products for sale here. Much of Southern Belle's infringing and other tortious activities which gave rise to this lawsuit have also occurred within the Commonwealth.

7.  Venue is proper pursuant to 28 U.S.C. §1391 because a substantial portion of the events giving rise to this lawsuit occurred within the Commonwealth of Massachusetts, and because Shaw's is a resident of the Commonwealth.

## FACTS COMMON TO ALL COUNTS

8.  Shaw's was founded in 1860, when Mr. George C. Shaw opened his first grocery store in Portland, Maine. Since its founding 143 years ago, Shaw's had made extensive efforts to advertise and promote the SHAW'S® mark and the family of SHAW'S marks. Shaw's is now the second largest grocery store chain in New England, employing nearly 30,000 people and exceeding four billion dollars in sales. By virtue of its extensive and continuous efforts, Shaw's has developed an excellent reputation among actual and potential purchasers for its food services and products.

9.  Shaw's owns incontestable federal trademark registrations for a family of marks using the SHAW'S® name and mark in connection with food products and services (US Trademark Nos. 1,228,764, 1,187,005, 2,638,924, 2,616,939, 2,571,124, 2,152,865 and 2,123,696).

10. Shaw's also has several pending federal applications for additional marks using the SHAW'S® name and mark.

11. Shaw's extensively advertises and promotes its retail food services and food products under the SHAW'S® marks in numerous major newspapers and on major regional radio and television stations. Additionally, Shaw's maintains a website, www.shaws.com, and uses leaflets, fliers and other media promotions to publicize its products and services under the SHAW'S® marks. Shaw's has also made its SHAW'S® portfolio of marks known through its national and international business relationships with a wide variety of vendors.

12. As a result of Shaw's successful business and promotional efforts, customers have come to know and recognize the SHAW'S® marks, and to associate them with Shaw's quality services and food products. By virtue of Shaw's substantial sales, use and advertising of the SHAW'S® mark, Shaw's marks have become distinctive of its products and services and have come to identify and indicate the source of those services and products. The SHAW'S® mark and family of marks have become famous marks within the meaning of 15 U.S.C. § 1127.

13. Southern Belle produces value-added seafood and related products such as frozen crab cakes, gourmet seafood stuffing, and frozen desserts, etc. Southern Belle markets and sells these items under names such as SHAW'S PREMIUM SEAFOOD, MAMA SHAW'S and MAMA SHAW'S PREMIUM SEAFOOD. These products are available for sale in retail supermarkets, grocery stores, and super stores.

14. Upon information and belief, Southern Belle is expanding from a local Florida company to a national distributor through partnerships with chain stores such as BJ's. By virtue of this expanded sales territory, Southern Belle's products are now available to consumers nationally.

15.     Southern Belle's use of SHAW'S PREMIUM SEAFOOD, MAMA SHAW'S, MAMA SHAW'S PREMIUM SEAFOOD and related names in connection with its products and services is likely to cause confusion, mistake or deception of purchasers and the consuming public as to the source, affiliation or origin of its goods and/or services.

16.     Upon encountering Southern Belle's products bearing the SHAW'S PREMIUM SEAFOOD, MAMA SHAW'S, MAMA SHAW'S PREMIUM SEAFOOD and related names consumers are likely to mistakenly believe that such products originate with, or are licensed, approved, or sponsored by, or otherwise affiliated with, Shaw's.

17.     SHAW'S PREMIUM SEAFOOD, MAMA SHAW'S, MAMA SHAW'S PREMIUM SEAFOOD and related names under which Southern Belle distributes its frozen food products are strikingly similar to the SHAW'S® name and marks. Additionally, because both parties produce food products for retail sale, consumers are likely to encounter Southern Belle's SHAW'S PREMIUM SEAFOOD, MAMA SHAW'S, MAMA SHAW'S PREMIUM SEAFOOD and related names on food products of a type that are also sold by Shaw's under the SHAW'S® marks.

18.     Shaw's has no control over the nature and quality of the products and services offered by Southern Belle under the SHAW'S PREMIUM SEAFOOD, MAMA SHAW'S, MAMA SHAW'S PREMIUM SEAFOOD and related names. Any failure, neglect and/or default by Southern Belle in providing these goods will reflect badly on Shaw's as the perceived originator or sponsor of such goods, thus hampering Shaw's efforts to protect its excellent reputation and substantial goodwill, resulting in loss of sales, and loss of the considerable

expenditures that Shaw's has made to promote its products and services under the SHAW'S® name and marks.

19. Moreover, Southern Belle's use of the SHAW'S PREMIUM SEAFOOD and MAMA SHAW'S PREMIUM SEAFOOD and related names will cause dilution of the Shaw's distinctive name and marks, and will decrease the ability of the SHAW'S® name and marks to identify and distinguish Shaw's quality products and services.

20. The SHAW'S® name and marks convey a excellent reputation and valuable goodwill for food products and services that are dependent on Shaw's ability to control use of the name and marks. The unauthorized use of the SHAW'S® name or marks thus erodes Shaw's reputation, and erodes the goodwill that Shaw's has built into the name and marks, thus causing Shaw's irreparable harm.

21. Shaw's has notified Southern Belle of its trademark violations, and demanded that Southern Belle cease and desist from this unauthorized activity.

## COUNT I - Infringement of a Federally Registered Trademark

22. Shaw's repeats and realleges each of the allegations in paragraphs 1 through 21 as if fully set forth herein.

23. Southern Belle's SHAW'S PREMIUM SEAFOOD, MAMA SHAW'S, MAMA SHAW'S PREMIUM SEAFOOD and related names are confusingly similar to the SHAW'S® family of federally registered marks.

24. Southern Belle's use of SHAW'S PREMIUM SEAFOOD, MAMA SHAW'S, MAMA SHAW'S PREMIUM SEAFOOD and related names is likely to cause confusion and

mistake, and to deceive the public as to the approval, sponsorship, license, source or origin of Southern Belle's food products.

25. Southern Belle's acts have caused injury and damage to Shaw's and have caused irreparable injury to Shaw's goodwill and reputation; moreover, Southern Belle will continue to cause Shaw's such irreparable injury unless enjoined, because Shaw's has no adequate remedy at law.

26. Southern Belle's use of SHAW'S PREMIUM SEAFOOD, MAMA SHAW'S, MAMA SHAW'S PREMIUM SEAFOOD and related names constitutes trademark infringement of a federally-registered trademark under 15 U.S.C. § 1114, as amended.

## COUNT II - Federal Unfair Competition

27. Shaw's repeats and realleges each of the allegations in paragraphs 1 through 26 as if fully set forth herein.

28. By its acts alleged herein, Southern Belle has falsely designated the origin of its products and has thereby unfairly competed with Shaw's.

29. Southern Belle's acts of false designation of origin, and unfair competition, are willful and deliberate, and Southern Belle has been unjustly enriched by sales that it would otherwise not have made but for its unfair competition.

30. Southern Belle's acts have caused injury and damage to Shaw's and have caused irreparable injury to Shaw's goodwill and reputation; moreover, defendant will continue to cause such irreparable injury unless enjoined, because Shaw's has no adequate remedy at law.

31. Southern Belle's conduct as alleged herein is actionable pursuant to 15 U.S.C. §1125(a).

## COUNT III - Federal Trademark Dilution

32. Shaw's repeats and realleges each of the allegations in paragraphs 1 through 31 as if fully set forth herein.

33. Defendant's actions, described above, are diluting the distinctive quality of Shaw's incontestable SHAW'S® name and marks, thus decreasing Shaw's ability to identify and distinguish goods and services that are sold or provided by Shaw's.

34. Defendant's acts have caused injury and damage to Shaw's and have caused irreparable injury to Shaw's goodwill and reputation; moreover, defendant will continue to cause such irreparable injury unless enjoined, because Shaw's has no adequate remedy at law.

## Count IV- Common Law Unfair Competition

35. Shaw's repeats and realleges each of the allegations in paragraphs 1 through 34 as if fully set forth herein.

36. Southern Belle's dilution and trademark infringement, as alleged above, are likely to cause purchasers and the consuming public to mistakenly believe that there is some approval, affiliation, sponsorship, license, or other relationship between the defendant and Shaw's when, in fact, there is no such approval, affiliation, sponsorship, license, or relationship.

37. On information and belief, Southern Belle's acts described above have been done willfully and deliberately, and Southern Belle has thereby been unjustly enriched by sales that it would not have made if customers did not mistakenly perceive some affiliation between the parties.

38. Southern Belle's acts have caused injury and damage to Shaw's and have caused irreparable injury to Shaw's goodwill and reputation; moreover, defendant will continue to cause such irreparable injury unless enjoined, because Shaw's has no adequate remedy at law.

39. Such acts, as described above, constitute unfair competition under Massachusetts common law.

### Count V- Dilution Under M.G.L. c. 110B, § 112

40. Shaw's repeats and realleges each of the allegations in paragraphs 1 through 39 as if fully set forth herein..

41. Southern Belle's use of SHAW'S PREMIUM SEAFOOD, MAMA SHAW'S, MAMA SHAW'S PREMIUM SEAFOOD and related names is likely to dilute the distinctive quality of the Shaw's name and SHAW'S® trademarks in violation of the Massachusetts anti-dilution law, M.G.L. c. 110B §112.

42. Southern Belle's acts have caused injury and damage to Shaw's and have caused irreparable injury to Shaw's goodwill and reputation; moreover, defendant will continue to cause such irreparable injury unless enjoined, because Shaw's has no adequate remedy at law.

**WHEREFORE, Shaw's prays that this Court enter judgment against Defendants, as follows:**

1. Adjudging that Defendants actions in advertising, promoting, and offering for sale, food products under SHAW'S PREMIUM SEAFOOD, MAMA SHAW'S, MAMA SHAW'S PREMIUM SEAFOOD and related names, constitutes trademark infringement, unfair competition and dilution of Shaw's rights in its family of SHAW'S® trademarks for the same and related products and services, in violation of federal and state law;

2. Preliminary enjoining and restraining Defendants and their officers, members, agents, servants, attorneys, parent, subsidiary, and related companies and all persons acting for, with, by, through, or in concert with them, and each of them during the pendency of this action, from using SHAW'S PREMIUM SEAFOOD, MAMA SHAW'S, MAMA SHAW'S PREMIUM SEAFOOD and related names or otherwise using the name Shaw's in connection with food products or food services, or any of the Shaw's family of SHAW'S® trademark or any other mark so similar to Shaw's marks as to create a likelihood of confusion, mistake, or deception.

3. Permanently enjoining and restraining Defendants and their officers, members, agents, servants, attorneys, parent, subsidiary, and related companies and all persons acting for, with, by, through, or in concert with them, and each of them during the pendency of this action, from using SHAW'S PREMIUM SEAFOOD, MAMA SHAW'S, MAMA SHAW'S PREMIUM SEAFOOD or otherwise using the name Shaw's in connection with food products or food services, or any of the Shaw's family of SHAW'S® trademark or any other mark so similar to Shaw's marks as to create a likelihood of confusion, mistake, or deception.

4. Directing Defendants to deliver up for destruction any and all product packaging, newsletters, advertising, or promotional material bearing the infringing names SHAW'S PREMIUM SEAFOOD, MAMA SHAW'S, MAMA SHAW'S PREMIUM SEAFOOD or otherwise using the name or mark Shaw's in connection with food products or food services and other materials bearing the infringing marks;

5. Directing Defendants to recall all materials, any and all product packaging, newsletters, advertising, or promotional material bearing the infringing names SHAW'S PREMIUM SEAFOOD, MAMA SHAW'S and/or MAMA SHAW'S PREMIUM SEAFOOD or

otherwise using the name or mark Shaw's in connection with products or food services and other materials bearing the infringing marks;

6. Awarding Shaw's its actual damages incurred as a result of Defendants unlawful acts described more fully herein;

7. Awarding Shaw's all profits realized by Defendants as a result of Southern Belle's unlawful acts described more fully herein;

8. Awarding Shaw's treble damages and increased profits, as provided by including 15 U.S.C. § 1117;

9. Awarding Shaw's punitive damages as may be permitted by law or in the discretion of the Court;

10. Awarding Shaw's its costs, expenses, and attorney fees incurred in this matter; and

11. Awarding Shaw's such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Shaw's Supermarkets demands trial of its claims by jury.

SHAW'S SUPERMARKETS, INC.
By its attorneys,

_____
H. Joseph Hameline BBO# 218710
Meighan A.F. McCrea BBO#655305
Mintz, Levin, Cohn, Ferris,
   Glovsky and Popeo, P.C.
One Financial Center
Boston, MA 02111
(617) 542-6000

Dated: March 22, 2004