UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SHAW'S SUPERMARKETS, INC., ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> SOUTHERN BELLE FROZEN FOODS, ) <br> INC. and SHAW'S SOUTHERN BELLE ) <br> FROZEN FOODS, INC., ) <br> ) <br> Defendants. ) | CIVIL ACTION NO: 04-10573-RWZ <br><br> JURY TRIAL DEMANDED |

## ANSWER AND DEFENSES OF DEFENDANTS SOUTHERN BELLE FROZEN FOODS, INC. AND SHAW'S SOUTHERN BELLE FROZEN FOODS, INC.

Defendants Southern Belle Frozen Foods, Inc. and Shaw's Southern Belle Frozen Foods, Inc. (collectively "the Southern Belle Defendants"), hereby file their Answer and Defenses to Plaintiff's Complaint as follows:

### NATURE AND BASIS OF THE ACTION

1.  The Southern Belle Defendants admit that the Complaint purports to seek relief under the laws alleged in paragraph 1 but deny that Plaintiff is entitled to any such relief against them. The Southern Belle Defendants specifically deny that use of the names SHAW'S PREMIUM SEAFOOD, MAMA SHAW'S, MAMA SHAW'S PREMIUM SEAFOOD & DESIGN and related names, infringes, dilutes, harms or unfairly competes with the marks allegedly owned by Plaintiff.

## PARTIES

2. The Southern Belle Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2, and therefore deny the allegations of said paragraph.

3. The Southern Belle Defendants admit that Defendant Southern Belle Frozen Foods, Inc. is a Florida corporation with offices at 821 Virginia Street, Jacksonville, Florida. The Southern Belle Defendants deny the remaining allegations contained in this paragraph 3.

4. The Southern Belle Defendants admit that Defendant Shaw's Southern Belle Frozen Foods, Inc. is a Florida corporation with offices at 821 Virginia Street, Jacksonville, Florida and it advertises and distributes frozen value added seafood and frozen pie products in numerous states and in foreign commerce and within this judicial district. The Southern Belle Defendants deny the remaining allegations contained in this paragraph 4.

## JURISDICTION AND VENUE

5. The Southern Belle Defendants admit the Court has subject matter and supplemental jurisdiction but deny that Plaintiff is entitled to any relief under the laws alleged in paragraph 5.

6. Paragraph 6 states conclusions of law to which no response is required. To the extent that a response is required, the Southern Belle Defendants deny the allegations contained in paragraph 6.

7. Paragraph 7 states conclusions of law to which no response is required. To the extent that a response is required, the Southern Belle Defendants deny the allegations contained in paragraph 7.

## FACTS COMMON TO ALL COUNTS

8. The Southern Belle Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8, and therefore deny the allegations of said paragraph.

9. The Southern Belle Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9, and therefore deny the allegations of said paragraph.

10. The Southern Belle Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10, and therefore deny the allegations of said paragraph

11. The Southern Belle Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11, and therefore deny the allegations of said paragraph.

12. The Southern Belle Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12, and therefore deny the allegations of said paragraph.

13. With regard to the allegations contained in the first sentence of paragraph 13, the Southern Belle Defendants admit only that Defendant Shaw's Southern Belle Frozen Foods, Inc. produces frozen value added seafood and frozen pie products and that these products are available for sale in retail supermarkets, grocery stores and club stores. The Southern Belle Defendants admit that Defendant Shaw's Southern Belle Frozen Foods, Inc. markets and sells frozen value added seafood and frozen pie products under trademarks such as SHAW'S

PREMIUM SEAFOOD, MAMA SHAW'S and MAMA SHAW'S PREMIUM SEAFOOD. The Southern Belle Defendants deny the remaining allegations contained in this paragraph.

14. The Southern Belle Defendants deny the allegations contained in paragraph 14 and aver that Southern Belle has hereto before expanded from being a company operating in Florida to a company having extensive interstate and foreign commerce for at least the last forty (40) years and has national distribution of its products through designated national distributors to club stores such as BJ's.

15. The Southern Belle Defendants deny the allegations contained in paragraph 15.

16. The Southern Belle Defendants deny the allegations contained in paragraph 16.

17. The Southern Belle Defendants deny the allegations contained in paragraph 17.

18. With regard to the allegations contained in the first sentence of paragraph 18, the Southern Belle Defendants aver that the Plaintiff does not have the right to control the Southern Belle Defendants' non-infringing marks. The Southern Belle Defendants deny the remaining allegations contained in paragraph 18.

19. The Southern Belle Defendants deny the allegations contained in paragraph 19.

20. The Southern Belle Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of paragraph 20, and therefore deny said allegations. The Southern Belle Defendants deny the allegations contained in the second sentence of this paragraph.

21. The Southern Belle Defendants admit that the Plaintiff sent a letter alleging trademark violations which are without basis. The Southern Belle Defendants deny the remaining allegations contained in this paragraph 21.

## COUNT I
## ALLEGED INFRINGEMENT OF A FEDERALLY REGISTERED TRADEMARK

22. The Southern Belle Defendants incorporate by reference their answers to Paragraphs 1-21 as if fully set forth herein.

23. The Southern Belle Defendants deny the allegations contained in paragraph 23.

24. The Southern Belle Defendants deny the allegations contained in paragraph 24.

25. The Southern Belle Defendants deny the allegations contained in paragraph 25.

26. The Southern Belle Defendants deny the allegations contained in paragraph 26.

## COUNT II
## ALLEGED FEDERAL UNFAIR COMPETITION

27. The Southern Belle Defendants incorporate by reference their answers to Paragraphs 1-26 as if fully set forth herein.

28. The Southern Belle Defendants deny the allegations contained in paragraph 28.

29. The Southern Belle Defendants deny the allegations contained in paragraph 29.

30. The Southern Belle Defendants deny the allegations contained in paragraph 30.

31. The Southern Belle Defendants deny the allegations contained in paragraph 31.

## COUNT III
## ALLEGED FEDERAL TRADEMARK DILUTION

32. The Southern Belle Defendants incorporate by reference their answers to Paragraphs 1-31 as if fully set forth herein.

33. The Southern Belle Defendants deny the allegations contained in paragraph 33.

34. The Southern Belle Defendants deny the allegations contained in paragraph 34.

## COUNT IV
## ALLEGED COMMON LAW UNFAIR COMPETITION

35. The Southern Belle Defendants incorporate by reference their answers to Paragraphs 1-34 as if fully set forth herein.

36. The Southern Belle Defendants deny the allegations contained in paragraph 36.

37. The Southern Belle Defendants deny the allegations contained in paragraph 37.

38. The Southern Belle Defendants deny the allegations contained in paragraph 38.

39. The Southern Belle Defendants deny the allegations contained in paragraph 39.

## COUNT V
## ALLEGED DILUTION UNDER M.G.L. c. 110B § 112

40. The Southern Belle Defendants incorporate by reference their answers to Paragraphs 1-39 as if fully set forth herein.

41. The Southern Belle Defendants deny the allegations contained in paragraph 41.

42. The Southern Belle Defendants deny the allegations contained in paragraph 42.

43. Except as set forth herein, the Southern Belle Defendants deny all allegations contained in the Complaint. The Southern Belle Defendants further deny that Plaintiff is entitled to any of the relief prayed for in the Complaint against them.

## **DEFENSES**

The Southern Belle Defendants state the following separate defenses without assuming the burden of proof that otherwise would rest with Plaintiff.

### **First Defense**

Plaintiff's Complaint fails to state a claim in Counts I-V for which relief can be granted.

### Second Defense

Plaintiff's claims are barred singularly and collectively by Plaintiff's laches, waiver, estoppel, acquiescence and ratification.

### Third Defense

Upon information and belief, the marks allegedly owned by Plaintiff which include the personal name "Shaw," are not inherently distinctive and have not become distinctive in that purchasers do not associate these marks with Plaintiff alone.

### Fourth Defense

Plaintiff's claims for equitable relief are barred on the grounds that Plaintiff cannot meet any of the requisites for such relief and has an adequate remedy at law.

### Fifth Defense

The conduct of the Southern Belle Defendants alleged in the Complaint is insufficient to state a claim, and also unsupported by aggravating circumstances sufficient to show any willful or other exceptional misconduct on the part of the Southern Belle Defendants required for an award of attorney's fees or increased or trebled damages.

### Sixth Defense

The Southern Belle Defendants reserve the right to amend their Answer by adding defenses, counterclaims, or other claims or actions as additional facts are obtained through investigation and discovery. The Southern Belle Defendants reserve, and do not waive, any of the affirmative defenses set forth in Fed. R. Civ. P. 8(c) or any other matter constituting an avoidance or affirmative defense, as discovery may reveal to be applicable.

## JURY DEMAND

The Southern Belle Defendants demand a trial by jury on all causes of action, claims, and defenses so triable.

WHEREFORE, the Southern Belle Defendants respectfully request:

a. that the Court dismiss the Complaint against the Southern Belle Defendants with prejudice, and enter judgment in favor of the Southern Belle Defendants on all counts contained in the Complaint;

b. that all costs of this action, including reasonable attorney's fees, be assessed against Plaintiff; and

c. that the Southern Belle Defendants be awarded such other and further relief as this Court may deem just and proper.

SCIBELLI AND WHITELEY, LLP

By: /s/ Anthony A. Scibelli
Anthony A. Scibelli (BBO # 556507)
Co-Counsel for Defendants Southern Belle
Frozen Foods, Inc. and Shaw's Southern
Belle Frozen Foods, Inc.
Old City Hall
45 School Street
Boston, MA 02109
Phone: 617-227-5725
Fax: 617-722-6003
Email: ascibelli@swsllp.com

OF COUNSEL:

John M. Bowler (Ga. Bar No. 071770,
 Pro hac vice application to follow)
Jeffrey C. Morgan (Ga. Bar No. 522667,
 Pro hac vice application to follow)
Auma N. Reggy (Ga. Bar No. 599195,
 Pro hac vice application to follow)
TROUTMAN SANDERS LLP
Co-Counsel for Defendants Southern Belle
Frozen Foods, Inc. and Shaw's Southern Belle
Frozen Foods, Inc.
600 Peachtree St., N.E., Ste. 5200
Atlanta, GA  30308-2216
Phone:  404-885-3000
Fax:  404-962-6513
Email:  john.bowler@troutmansanders.com

Dated:  November 15, 2004

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing Answer and Defenses of Defendants Southern Belle Frozen Foods, Inc. and Shaw's Southern Belle Frozen Foods, Inc. was served upon all parties to the above cause to each of the attorneys of record herein via first class U.S. mail on this 15th day of November, 2004 at their respective addresses as follows:

H. Joseph Hameline
Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C.
One Financial Center
Boston, Massachusetts 02111

Geri L. Haight
Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C.
One Financial Center
Boston, Massachusetts 02111

Anthony A. Scibelli